JAMES E. GRAVES, JR., Circuit Judge,
concurring.
I agree with the majority that Amerada Hess mandates reversal. Nevertheless, I believe the Amerada Hess majority erred in finding that the presumption created by § 20(a) of the LHWCA is inapplicable to a “secondary” injury or an injury not expressly listed on the original claim form. In that connection, I find Judge Reavley’s concurrence persuasive. See Amerada Hess Corp. v. Dir., OWCP, 543 F.3d 755, 764-66 (5th Cir.2008) (Reavley, J., concurring) (noting that, for purposes of the § 20(a) presumption, because worker’s in *787 jury listed on original claim form arose out of his employment, “any injury resulting from treatment for that injury should also be presumed to have arisen out of the employment and the primary injury.”).